IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DARRYL M. RESHAW,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. _____<br><br>**Removed from the Superior Court of Fayette County No. 2020V-0198 WFS** |

## NOTICE OF REMOVAL

Select Portfolio Servicing, Inc. ("SPS") removes this action from the Superior Court of Fayette County, Georgia, to the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff Darryl M. Reshaw and SPS are completely diverse, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### PROCEDURAL REQUIREMENTS

1. Reshaw filed this action in the Superior Court of Fayette County, Georgia (No. 2020V-0198 WFS) on March 16, 2020. He has not served SPS with a summons or perfected service of process. SPS is timely filing this *Notice of Removal*

within 30 days of receiving a copy of Reshaw's Complaint. *See* 28 U.S.C. § 1446(b) ("The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322 (1999) (finding 30-day removal period runs from date of service of summons and complaint).

2. Copies of all process, pleadings, and orders in the state court action are attached as Exhibit "A" as required by 28 U.S.C. § 1446.

3. The United States District Court for the Northern District of Georgia, Newnan Division, is the federal district and division embracing the Superior Court of Fayette County, Georgia. *See* 28 U.S.C. §§ 90(a)(4) and 1441(a).

4. SPS is giving prompt written notice of this *Notice of Removal* to Reshaw and the Superior Court of Fayette County as required by 28 U.S.C. § 1446(d).

## REMOVAL JURISDICTION

### I. The parties are completely diverse.

5. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Removal based on diversity jurisdiction is possible "if there is

complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606 (2005).

6. Reshaw alleges he is a resident of Fayette County, Georgia. (Compl. ¶ 2.) Plaintiff is therefore a citizen of Georgia. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (explaining that natural person's citizenship is determined by person's residency and "intention to remain there indefinitely").

7. SPS is a corporation organized under Utah law, with its principal place of business in Utah. *See* 28 U.S.C. § 1332(c)(1) (stating that corporation is citizen of every State where it has been incorporated and the State where it has its principal place of business); *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985) (noting that § 1332(c) "furnishes a dual base for citizenship" for corporations). SPS is a citizen of Utah and not a citizen of Georgia for diversity jurisdiction purposes.

8. There is complete diversity between Reshaw and SPS.

**II. The amount in controversy exceeds $75,000.**

9. It is apparent from the face of Reshaw's Complaint that the amount in controversy exceeds $75,000.00. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of

damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").

10. Reshaw alleges nine causes of action, seeking non-specific "actual and punitive damages" for each claim. However, Reshaw's general prayer for relief alleges he is entitled to "[m]onetary relief over $200,000 but not more than $2,000,000.00[.]" (Compl., *Prayer for Relief* at p. 26.)

11. Further, Reshaw alleges he secured his repayment of a $569,000.00 mortgage loan by granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as grantee and nominee for Countrywide Bank, a security deed to Fayette County real property. (Compl. ¶¶ 35-38).[1] By executing the security deed, Reshaw conveyed the real property's legal title to MERS and its assignees, leaving Reshaw a "mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full." *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132, 543 S.E.2d 755 (2000) (citing O.C.G.A. § 44-14-60 (stating that security deed "shall pass the title of the property to the grantee until the debt or debts … shall be fully paid.")).

---

[1] This is at least Reshaw's fourth lawsuit challenging the servicing and foreclosure of the same defaulted mortgage loan. This Court dismissed his most recent lawsuit with prejudice under Federal Rule of Civil Procedure 12(b)(6). *See Reshaw v. Select Portfolio Servicing, Inc.*, No. 3:18-cv-00109-TCB (dismissed with prejudice on August 27, 2019.)

12. Reshaw seeks equitable and injunctive relief declaring this his loan documents are unenforceable against him, and that no party can foreclose his property interest under the terms of his security deed – even though he is not making loan payments. (Compl., *Prayer for Relief.*) Where a plaintiff seeks equitable relief, "it is well established that the amount in controversy is measured by the object of the litigation." *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (quotation omitted). The Court may look beyond the pleadings to determine the value of the "object of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).

13. Here, the "object of the ligation" is the real property conveyed by Reshaw's security deed. *See U.S. Bank NA v. Smith*, 693 F. App'x 837, 830 (11th Cir. June 2, 2017) (finding that value of house is measure of amount in controversy in removed foreclosure action); *Bohannan v. PHH Mortgage Corp.*, 665 F. App'x 760, 761 n.2 (11th Cir. 2016) (finding that foreclosure sale price represented amount in controversy in action to invalidate non-judicial foreclosure sale). According to the Fayette County Tax Assessor's online records, the subject property at 345 Phillips Drive, Fayetteville, Georgia 30214 is valued at $527,100.00 for tax year 2019.

Copies of Reshaw's security deed and the internet-accessible Fayette County Tax Assessor Property summary are attached hereto collectively as Exhibit "B."

14. The amount in controversy therefore exceeds this Court's $75,000 removal jurisdiction threshold.

## ADOPTION AND RESERVATION OF DEFENSES

Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of SPS's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other defense available under O.C.G.A. § 9-11-12 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## CONCLUSION

WHEREFORE, SPS respectfully requests that this Court take jurisdiction and issue all necessary orders and process to remove this action from the Superior Court of Fayette County, Georgia, to the United States District Court for the Northern District of Georgia, Newnan Division.

43401094 v1

Respectfully submitted this 30th day of April, 2020.

                                            */s/ Louis G. Fiorilla*
                                            Louis G. Fiorilla
                                            Georgia Bar No. 910188
                                            lfiorilla@burr.com

                                            Attorneys for Select Portfolio Servicing, Inc.

**BURR & FORMAN LLP**
171 17th Street, Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2020, I presented the foregoing **NOTICE OF REMOVAL** to the Clerk of Court for filing and uploading to the CM/ECF system, and that I served a true and correct copy of the document via United States First Class Mail, postage prepaid, addressed as follows:

>Darryl M. Reshaw
>345 Phillips Dr.
>Fayetteville, Georgia 30214
>*Plaintiff Pro Se*

*s/ Louis G. Fiorilla*
Louis G. Fiorilla
Georgia Bar No. 910188

**BURR & FORMAN LLP**
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244