FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

JUL 15 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

NEWNAN DIVISION

| | |
|---|---|
| DARRYL M. RESHAW, | ) CIVIL ACTION FILE |
| Plaintiff, | ) NO.: 3:20-cv-00063-TCB-RGV |
| v. | ) PLAINTIFFS' MOTION TO QUASH |
| SELECT PORTFOLIO SERVICING, INC., | ) NOTICE OF REMOVAL AND MOTION ) TO REMAND BACK CASE TO STATE |
| Defendant. | ) COURT AND IN ALTERNATIVE |
| | ) MOTION FOR LEAVE TO FILE FIRST |
| | ) AMENDED COMPLAINT |
| | Jury Demand: Plaintiff |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff respectfully move this Court[1] for Motion to Quash Notice of Removal and Motion to Remand back the case to State Court and in Alternative Grant Motion for Leave to file First Amended Complaint.

**PROCEDURAL REQUIREMENTS AND FACTUAL BACKGROUND**

DARRYL M. RESHAW hereinafter "Reshaw" filed this action in the Superior Court of Fayette County, Georgia (No. 2020V-0198 WFS) on March 16, 2020. Copies

---

[1] The United States District Court for the Northern District of Georgia, Newnan Division, is the federal district and division embracing the Superior Court of Fayette County, Georgia. See 28 U.S.C. §§ 90(a)(4) and 1441(a).

of all process, pleadings, and orders in the state court action are attached as Exhibit "A" as required by 28 U.S.C. § 1446.

## MEMORANDUM OF LAW

### I. NOTICE OF REMOVAL WAS FILED BEFORE SPS WAS SERVED

SELECT PORTFOLIO SERVICING hereinafter "SPS" admits that at the time of filing of Notice of Removal SPS was not served with summons or perfected service of process.

"For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed." Cross v. Wal-Mart Stores, E., LP, 2011 WL 976414, at *1 (M.D. Ga.) (citing Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002)). The party seeking removal bears the burden of establishing federal jurisdiction. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted.)

As this removal is untimely, it must be dismissed; additional time must be given to serve SPS; and SPS Attorney must be sanctioned for abuse of process and causing un-necessary confusion and delay.

SPS untimely filed this Notice of Removal. As per SPS own admittance, SPS was never served.

As SPS was not served the **Notice of Removal** <u>CANNOT</u> be *within 30 days* of receiving a copy of Reshaw's Complaint. See 28 U.S.C. § 1446(b)

As the 30-day removal period runs from *date of service of summons and complaint* this Notice of Removal filed after SPS / Defendant is untimely and must be dismissed, dismissed and remanded back to State Court.

> *"The notice of removal ... shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"*; ***Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.***, 526 U.S. 344, 119 S. Ct. 1322 (1999) (finding 30-day removal period runs from date of service of summons and complaint).

## II. PARTIES ARE NOT DIVERSE

Plaintiff Darryl M. Reshaw and SPS NOT completely diverse. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . , and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ," 28 U.S.C. § 1332(a)(1)-(2).

As federal courts have limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. ***Gen. Atomic Co. v. United Nuclear Corp.***, 655 F.2d 968, 968-69 (9th Cir. 1981).

Diversity jurisdiction exists if the **_opposing parties are citizens of different states_** and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka, 608 F.3d at 752 (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating removal is proper. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). Any uncertainties should be resolved in favor of remand. Burns

v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 613 F3d at 1062.

Indeed, Reshaw as alleged in Complaint is a resident of Fayette County, Georgia. (Compl. ¶2.) Plaintiff is therefore a citizen of Georgia. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (explaining that natural person's citizenship is determined by person's residency and "intention to remain there indefinitely".)

Indeed, SPS is a corporation organized under Utah law, with its principal place of business in Utah **BUT**

(1) Reshaw never travelled out of Georgia to do business with SPS.

(2) SPS came to Georgia to do business with Reshaw

(3) When SPS accepted loan servicing, SPS admitted jurisdiction of Georgia,

(4) SELECT PORTFOLIO SERVICING, INC. under Control Number K704763 is registered as Foreign Profit Corporation in Active/Compliance with Georgia Corporations Division with ***Georgia Registered Agent***[2]

---

[2] The registered agent is the "mailbox" for the corporation. ***The registered agent is the person or entity located in this state designated by the entity to receive any service of process, documents, or other official communication on its behalf.*** The registered agent may or may not be an owner, shareholder or officer of the entity. Many entities use their attorney or a professional corporate service company for this service. The registered agent's address must be a street address in Georgia, and the agent must be located at that address. A post office box or "mail drop" may not be used as the registered agent address. Please review O.C.G.A. §§ 14-2-501 and 14-2-1507 (profit corporation); 14-3-501 and 14-3-1507 (nonprofit corporation); 14-8-46 (foreign limited liability partnership); 14-9-104 and 14-9-902.1 (limited partnership); and 14-11-209 and 14-11-703 (limited liability company).

CORPORATION SERVICE COMPANY and *Physical Address* at 40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA, 30092, USA in County of Gwinnett.

(5) Georgia Secretary of State on *request and application* issues a Certificate of Authority to Transact Business in Georgia to Foreign Corporation, LLC, LP, LLLP. This application request certificate to do business in Georgia is consent to Georgia Laws.

A motion to remand is the proper procedure for challenging removal. "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)(internal citations omitted). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Gaus, 980 F.2d at 566. Therefore, if it appears "at any time before final judgment that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

Therefore, Court must grant Motion to Remand case back to State Court.

### III.   LEAVE TO FILE FIRST AMENDED COMPLAINT

This case filed in State Court and Complaint was drafted as per State Court requirements. Court must grant leave to Amend Complaint. Leave to amend the

Complaint to expand its claim is warranted at this stage in the proceedings as Reshaw has been forced to struggle between State and Federal Courts.

Select Portfolio Servicing, Inc. ("SPS") removed this action from the Superior Court of Fayette County, Georgia, to the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1332, 1441, and 1446 and claims that Plaintiff Darryl M. Reshaw and SPS are completely diverse, and the amount in controversy exceeds $75,000 exclusive of interest and costs. This forces Reshaw to redraft his allegations and Complaint needs to be redrafted.

Rule 15(a)(1) establishes that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." **Thereafter, a party may amend its pleadings only upon leave of court** or by obtaining written consent of the opposing party.

**See Rule 15(a)(2).** The Rule provides that "[t]he court should freely give leave when justice so requires."

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings with the Court's leave and that the "court should freely give leave when justice so requires." As the Eleventh Circuit held in Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 406-407 (11th Cir. 1989), "Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."Justice requires the granting of this motion.

The First Amended Complaint is filed before before the discovery has begun.

This Court should follow this Circuit's "liberal policy" in favor of granting leave to amend under Fed. R. Civ. P. 15(a) (b) as Defendants will not suffer undue prejudice by the filing of a FAC.

For the foregoing reasons, Plaintiff respectfully request that this Court grant the present motion

## IV.   FAC NOT ATTACHED DUE TO EXIGENT CIRCUMSTANCES CREATED BY THE SPREAD OF COVID-19 AND THE RELATED CORONAVIRUS

Judge Thomas W. Thrash, Jr. on 07/01/2020 issued fourth amendment to general order 20-01 Re: court operations under the exigent circumstances created by COVID-19 and related CORONA VIRUS.

As these exigent circumstances created by COVID-19 and related CORONA VIRUS, Reshaw request this Court to kindly allow extension to file First Amended Complaint.

/s/ DARRYL M. RESHAW
DARRYL M. RESHAW
345 Phillips Drive
Fayetteville, GA 30214
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2020, I presented the foregoing MOTION TO AMEND COMPLAINT to the Clerk of Court for filing and uploading to the CM/ECF system, and that I served a true and correct copy of the document via United States First Class Mail, postage prepaid, addressed as follows:

> *Select Portfolio Servicing, Inc.*
> *Represented by*
> *Brian Joel Levy*
> *Louis G. Fiorilla*
> *ATTORNEY(S) TO BE NOTICED*
> *Burr & Forman, LLP-ATL*
> *171 17th St., NW*
> *Suite 1100*
> *Atlanta, GA 30363*
> *(404) 815-3000*
> *Fax: (404) 817-3244*

/s/ DARRYL M. RESHAW
DARRYL M. RESHAW
345 Phillips Drive
Fayetteville, GA 30214
Plaintiff Pro Se