IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

DARRYL M. RESHAW,

      Plaintiff,

   v.

SELECT PORTFOLIO SERVICING,
INC.,

      Defendant.

Civil Action File
No. 3:20-CV-00063-TCB-RGV

## RESPONSE TO MOTION TO QUASH NOTICE OF REMOVAL AND MOTION TO REMAND BACK CASE TO STATE COURT AND IN ALTERNATIVE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendant Select Portfolio Servicing, Inc. ("SPS") hereby files its Response to the Motion to Quash Notice of Removal and Motion to Remand Back Case to State Court and in Alternative Motion for Leave to File First Amended Complaint (the "Motion") filed by Plaintiff Darryl M. Reshaw ("Reshaw").  [Doc. 14.]

In the Motion, Reshaw requests the Court remand this case to state court, asserting that SPS's removal was untimely because it filed its notice of removal prior to be served with process, and that the Court lacks subject matter jurisdiction because SPS conducts business in Georgia.  Neither of Reshaw's arguments provide a basis for remand.  SPS timely filed its notice of removal, as the removal statute does not preclude a defendant from removing a case prior to being served with process, and,

in any event, Reshaw waived any purported procedural defect to removal by filing the Motion more than 30 days after removal.  The Court also has subject matter jurisdiction, as the parties are diverse, the amount in controversy requirement is met, and the facts that SPS conducts business in Georgia and is registered with the Georgia Secretary of State do not render it a citizen of Georgia.

The Court should also deny Reshaw's alternative request for leave to amend his complaint as futile, since any amendment would be barred be *res judicata*, and dismiss this action with prejudice.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.   This is Reshaw's fourth lawsuit challenging the servicing and foreclosure of the same mortgage loan.[1]

2.   On March 16, 2020, Reshaw filed a Verified Complaint for Lack of Standing to Foreclose, Fraud in the Concealment, Fraud in the Inducement, Unconscionable Contract, Breach of Contract, Breach of Fiduciary Duty, Slander of Title, Damages and Relief (the "Complaint") commencing that civil action known

---

[1]   This Court dismissed Reshaw's most recent lawsuit under Rule 12(b)(6) because his mortgage servicing claims were barred by *res judicata* and his allegations failed to state a plausible claim for relief.  *See Reshaw v. Select Portfolio Servicing, Inc.*, No. 3:18-cv-00109-TCB-RGV (N.D. Ga. Aug. 27, 2019).  *See also Reshaw v. Bank of Am. N.A.*, No. 3:13-cv-00105-TCB (N.D. Ga. June 21, 2013); *Reshaw v. Select Portfolio Servicing, Inc.*, No. 3:14-cv-00121-TCB (N.D. Ga. Jan. 29, 2015).

as *Darryl M. Reshaw v. Select Portfolio Servicing, Inc.*, No. 2020V-0198, Superior Court of Fayette County, Georgia (the "State Court Action"). [Doc. 1-1.]

3.     On April 30, 2020, SPS filed its Notice of Removal (the "Notice of Removal"), thereby removing the State Court Action to this Court based on its diversity jurisdiction. [Doc. 1.]

4.     On May 7, 2020, SPS filed its Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss"), showing the Court that Reshaw's Complaint should be dismissed (1) as an impermissible shotgun pleading, (2) because his claims are barred by *res judicata*, and (3) because he fails to state a claim against SPS upon which relief can be granted. [Doc. 5.]

5.     On June 8, 2020, Reshaw filed a Response in Opposition to Motion to Dismiss. [Doc. 9.]

6.     On June 23, 2020, SPS filed its Motion to Dismiss Reply Brief. [Doc. 10.] The Motion to Dismiss remains pending.

7.     On July 15, 2020, Reshaw filed the Motion. [Doc. 14.] In the Motion, Reshaw asserts that: (1) the Notice of Removal was untimely because SPS filed it before being served with process; (2) the Court lacks subject matter jurisdiction because the parties are not diverse; and (3) in the alternative, that he should be granted leave to file an amended complaint, though he does not propose the

substance of any amendments allegedly due to unexplained "exigent circumstances created by COVID-19 and related CORONA VIRUS."

## II.    ARGUMENT AND CITATION OF AUTHORITY

The Court should deny Reshaw's Motion to the extent he requests the Court remand this action to state court based on his assertion that SPS untimely filed the Notice of Removal because the Notice of Removal was timely and Reshaw waived any motion to remand based on a purported procedural defect.  The Court should further deny his Motion to the extent he requests the Court remand this action to state court based on lack of subject matter jurisdiction because the parties are diverse, the amount in controversy exceeds $75,000.00, and the facts that SPS conducts business in Georgia and is registered with the Georgia Secretary of State do not render it a citizen of Georgia.  Lastly, the Court should deny his request for leave to amend the Complaint as futile because any amended complaint would be barred by *res judicata.*

**A.    SPS Timely Filed its Notice of Removal and Reshaw Waived Any Motion to Remand Based on a Purported Procedural Defect.**

Reshaw asks the Court to remand this case to state court on the ground that SPS's removal was untimely because it filed the Notice of Removal prior to being served with process.  [Doc. 14 at 2-3.]  The Court should deny Reshaw's motion to

remand because SPS properly removed the State Court Action to this Court and Reshaw waived any procedural defects by failing to file a timely motion to remand.

A defendant generally is required to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "But nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 448 (11th Cir. 2008) (affirming orders denying motion to remand and granting motion to dismiss). *See also Burgos v. Sand Canyon Corp.*, No. 19-14483, 2020 U.S. App. LEXIS 14400, at *7 (11th Cir. May 6, 2020) (same). Accordingly, SPS timely removed the State Court Action to this Court even though it filed the Notice of Removal prior to being served with process.

Further, Reshaw waived any procedural challenge to the timeliness of the Notice of Removal because he filed his Motion seeking to remand the case to state court more than 30 days after SPS filed the Notice of Removal. "A motion to remand a case to state court on the basis of any defect other than lack of subject matter jurisdiction – for instance, for untimely removal – 'must be made within 30 days after the filing of the notice of removal,'" and "[a] party who does *not* move to

remand within 30 days waives any objection to the untimely removal." *Abedi v. U.S. Bank Nat'l Ass'n*, 775 Fed. Appx. 538, 540 (11th Cir. 2019) (quoting 28 U.S.C. § 1447(c)).  SPS filed its Notice of Removal on April 30, 2020.  [Doc. 1.]  Reshaw filed the Motion on July 15, 2020, which was 76 days after SPS filed the Notice of Removal.  [Docs. 1, 14.]  Therefore, Reshaw waived any argument that SPS's Notice of Removal was untimely.

Since SPS properly removed the State Court Action to this Court and Reshaw waived any objection to removal based on a procedural defect, the Court should deny the Motion to the extent it seeks remand based on the alleged untimeliness of SPS's removal.

**B.     The Court Has Jurisdiction Based on Diversity of Citizenship.**

Reshaw also requests the Court remand this action to state court based on lack of subject matter jurisdiction.  [Doc. 14 at 3-5.]  Reshaw admits that he is "a citizen of Georgia," and that "SPS is a corporation organized under Utah law with its principal place of business in Utah," but asserts that the parties are not completely diverse because SPS conducts business in Georgia, is registered with the Georgia Secretary of State as a *foreign profit corporation*, and has a registered agent for service of process in Georgia.  [*Id.* at 4-5.]

Reshaw's argument "seems to confuse the concept of personal jurisdiction and subject matter jurisdiction." *Johnson v. Bank of Am., N.A.*, No. No. 1:12-CV-901-ODE, 2012 U.S. Dist. LEXIS 203114, at *11 (N.D. Ga. Oct. 30, 2012) (denying motion to remand).  "[T]he mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction." *Barnett v. Norfolk & Dedham Mut. Fire Ins. Co.*, 773 F. Supp. 1529, 1531 (N.D. Ga. 1991) (denying motion to remand).  *See also Tremble v. Liberty Mut. Ins. Co.*, No. CV 106-192, 2007 U.S. Dist. LEXIS 39423, at *7-8 (S.D. Ga. May 30, 2007) (same).  Nor does the fact that a foreign business entity maintains a registered agent in Georgia render it a Georgia citizen.  *Lawson v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-1301-WSD, 2015 U.S. Dist. LEXIS 24897, at *7-8 (N.D. Ga. Mar. 2, 2015) (foreign limited liability company not a citizen of Georgia).

The parties do not dispute that Reshaw is a citizen of the State of Georgia, SPS is incorporated under Utah law and has its principal place of business in Utah, and the amount in controversy exceeds $75,000.00.  [Doc. 1 at 3; Doc. 14 at 4.]  As such, the court has subject matter jurisdiction based on diversity of citizenship.  28 U.S.C. § 1332(a)(1), (c)(1).  The Court should deny his Motion to the extent it seeks a remand to state court based on lack of subject matter jurisdiction.

**C.     The Court Should Deny Reshaw Leave to Amend the Complaint as Futile Because Any Amended Complaint Would be Barred by *Res Judicata*.**

Alternatively, Reshaw requests leave to amend the Complaint he filed to commence his fourth action challenging the servicing and foreclosure of the same mortgage loan in order to comply with federal pleading requirements.[2]  [Doc. 14 at 5-7.]  Reshaw does not propose the substance of any amendments allegedly due to "exigent circumstances created by COVID-19 and related CORONA VIRUS."[3]  [*Id.* at 7.]

The general rule in the Eleventh Circuit is that "[w]here it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice."  *De Souza v. JPMorgan Chase Home Lending Div.*, 608 Fed. Appx. 776, 781 (11th Cir. 2015).  "However, the district court need not grant leave to amend where amendment would be futile," such as where any amended complaint would still be barred by *res judicata*.  *Id.* (holding that district court did not abuse its discretion by denying leave to amend before dismissing plaintiff's complaint with

---

[2] Reshaw elected not to amend his Complaint as a matter of course within 21 days after service of SPS's Motion to Dismiss.  Fed. R. Civ. P. 15(a)(1)(B).

[3] Reshaw cites to the Court's Fourth Amendment to General Order 20-01, but General Order 20-01, as amended, expressly states that it "does not affect the Court's consideration of civil or criminal motions that can be resolved without oral argument," such as the Motion to Dismiss in this case.  General Order 20-01 at 3.

prejudice because "[a]ny claims based on the same 'nucleus of operative facts,' however carefully pled, would also be barred by *res judicata*").

Reshaw has filed three prior actions challenging the servicing and foreclosure of the same mortgage loan, the most recent of which was dismissed based on *res judicata*. *See Reshaw v. Select Portfolio Servicing, Inc.*, No. 3:18-cv-00109-TCB-RGV (N.D. Ga. Aug. 27, 2019).  This action likewise is barred by *res judicata*, as SPS explained in the Motion to Dismiss.[4]  [Doc. 5 at 8-11.]  Reshaw failed to respond to SPS's *res judicata* argument in his Response in Opposition to Motion to Dismiss, and does not explain in the Motion how any amended pleading could avoid its effect. [*See* Doc. 9.]  Since Reshaw cannot avoid the effect of *res judicata* through "a more carefully drafted complaint," the Court should deny him leave to amend as futile. *De Souza*, 608 Fed. Appx. at 781.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Reshaw's motion to remand this action to state court, deny him leave to file an amended complaint, and dismiss this action with prejudice.

---

[4] SPS incorporates herein its *res judicata* argument from its Motion to Dismiss. [Doc. 5 at 8-11.]

This 24th day of July, 2020.

<div style="margin-left:40%">

**BURR & FORMAN LLP**

*/s/ Brian J. Levy*
Brian J. Levy
Georgia Bar No. 302518
blevy@burr.com
171 17th Street NW
Suite 1100
Atlanta, Georgia 30363
Telephone:  (404) 815-3000
Facsimile:   (404) 817-3244

COUNSEL FOR DEFENDANT
SELECT PORTFOLIO SERVICING,
INC.

</div>

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1D, the undersigned counsel certifies that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C.

This 24th day of July, 2020.

**BURR & FORMAN LLP**

*/s/ Brian J. Levy*
Brian J. Levy
Georgia Bar No. 302518
blevy@burr.com
171 17th Street NW
Suite 1100
Atlanta, Georgia 30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

COUNSEL FOR DEFENDANT
SELECT PORTFOLIO SERVICING,
INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing RESPONSE TO

MOTION TO QUASH NOTICE OF REMOVAL  AND MOTION TO REMAND

BACK CASE TO STATE COURT AND IN ALTERNATIVE MOTION FOR

LEAVE TO FILE FIRST AMENDED COMPLAINT was served via United States

First Class Mail, postage prepaid, addressed as follows::

> Darryl M. Reshaw
> 345 Phillips Dr.
> Fayetteville, Georgia 30214
> *Plaintiff Pro Se*

This 24th day of July, 2020.

> **BURR & FORMAN LLP**
>
> */s/ Brian J. Levy*
> Brian J. Levy
> Georgia Bar No. 302518
> blevy@burr.com
> 171 17th Street NW
> Suite 1100
> Atlanta, Georgia 30363
> Telephone:  (404) 815-3000
> Facsimile:   (404) 817-3244
>
> COUNSEL FOR DEFENDANT
> SELECT PORTFOLIO SERVICING,
> INC.