# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

DARRYL M. RESHAW,

        Plaintiff,

   v.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

CIVIL ACTION FILE NO.
3:20-cv-00063-TCB-RGV

## MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Defendant Select Portfolio Servicing, Inc. ("SPS") removed this action from the Superior Court of Fayette County, Georgia, on April 30, 2020, [Doc. 1],[1] and has since filed a motion to dismiss, [Doc. 5], plaintiff Darryl M. Reshaw's ("Reshaw") complaint, [Doc. 1-1].  Reshaw, who is proceeding *pro se*, opposes SPS's motion to dismiss, [Doc. 9], and SPS has filed a reply in support of its motion, [Doc. 10].  On July 15, 2020, Reshaw filed a motion to quash SPS's notice of removal and to remand the case to state court or, in the alternative, for leave to file a first amended complaint, [Doc. 14], which SPS opposes, [Doc. 15], and Reshaw has filed a reply in support of his motion, [Doc. 17].  For the reasons that follow, it is

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

**RECOMMENDED** that Reshaw's motion to remand, or in the alternative, for leave to file a first amended complaint, [Doc. 14], be **DENIED**, that SPS's motion to dismiss, [Doc. 5], be **GRANTED**, and that Reshaw's complaint be **DISMISSED WITH PREJUDICE**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This action concerns the real property located at 345 Phillips Drive, Fayetteville, Georgia (the "property").  See [Doc. 1-1 at 4 ¶ 3, 6 ¶ 12; Doc. 5-1 at 4].[2]

---

[2] The factual background is taken from the pleadings and exhibits and does not constitute findings of fact by the Court.  SPS has attached an exhibit to its notice of removal, [Doc. 1-2], see also [Doc. 1 at 5-6 ¶ 13], and to its motion to dismiss, [Doc. 5-1].  Generally, the Court "may not consider matters outside the pleadings without converting [a motion to dismiss] to a motion for summary judgment[.]" Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008).  However, the Court may consider an exhibit without converting the motion into a motion for summary judgment if it is "central to the plaintiff's claim and the authenticity of the document is not challenged."  Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam)); see also Edmonds v. Southwire Co., 58 F. Supp. 3d 1347, 1352 (N.D. Ga. 2014)   (citation omitted); Atwater v. Nat'l Football League Players Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007) (citations omitted).  The documents at issue here are central to Reshaw's claims and he has referred to them in his complaint.  See Zinn v. GMAC Mortg., No. 1:05 CV 01747 MHS, 2006 WL 418437, at *3 (N.D. Ga. Feb. 21, 2006); see also Bruce v. U.S. Bank Nat'l Ass'n, 770 F. App'x 960, 964 (11th Cir. 2019) (per curiam) (unpublished) (citation and internal marks omitted) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider

On April 30, 2007, Reshaw obtained a mortgage loan in the original principal amount of $569,000 from Countrywide Bank, FSB ("Countrywide") and to secure the loan, executed a security deed for the property in favor of Mortgage Electric Registration Systems, Inc. ("MERS"), as nominee for Countrywide.[3]   [Doc. 5-1 at 2-3]; see also [Doc. 1-1 at 13 ¶¶ 35, 38].   Reshaw alleges that his note was subsequently securitized into the DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OAR (the "trust"), [Doc. 1-1 at 10 ¶ 24, 15 ¶ 47], and that his security deed was assigned by MERS to BAC Home Loans Servicing LP FKA Countrywide Home Loans Servicing LP on July 21, 2011, [id. at 8 ¶ 17, 14 ¶ 40], and by Bank of

---

the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal."). Furthermore, the documents submitted by SPS are public records, and "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion."   Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted).   Accordingly, the Court will consider the documents attached to SPS's notice of removal and motion to dismiss without converting the motion to dismiss to a motion for summary judgment.   See Cook v. MillerCoors, LLC, 829 F. Supp. 2d 1208, 1213 n.4 (M.D. Fla. 2011) (citation omitted); Metal Morphosis, Inc. v. Acorn Media Publ'g, Inc., 639 F. Supp. 2d 1367, 1374 (N.D. Ga. 2009) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)).

[3] The security deed was recorded on May 14, 2007, at Deed Book 3229, Pages 467-487, of the Fayette County, Georgia real property records.   [Doc. 5-1 at 2].

America to HSBC Bank USA as Trustee for the Holders of the trust ("HSBC") on May 11, 2012, [id. at 14 ¶¶ 41-42].

Reshaw now challenges the validity of the assignments of his security deed and whether SPS and other entities, identified in his complaint as successors in interest, have any legal claim to the property, including standing to foreclose. See, e.g., [Doc. 1-1 at 4-12 ¶¶ 5-9, 12-13, 17-29, 14-17 ¶¶ 41-44, 50-52, 54, 56, 62-63, 19-20 ¶¶ 84-86, 25 ¶ 130]. For these challenges, Reshaw relies on the affidavit of Joseph R. Esquivel, Jr. ("Esquivel"), [id. at 31-38], "a licensed private investigator [] in the [s]tate of Texas," made in support of a "Mortgage Compliance Investigations Chain [o]f Title Analysis & Mortgage Investigation prepared for . . . Reshaw regarding the Security Instrument and the [] property," (the "audit"), [id. at 31 ¶¶ 2, 4 (emphasis omitted)].[4] Specifically, Reshaw asserts that this "[a]udit clearly shows that [his] loan was securitized" and that his "[n]ote and [s]ecurity [d]eed took two distinctly different ways" as the security deed "was never transferred," whereas the note was "pooled, sold, [and] transferred with other loans and mortgages." [Id. at 13 ¶¶ 32-33 (emphasis, citations, and all caps omitted)]. Thus, Reshaw asserts that he is the "[s]uperior [r]ecorded [o]wner" of the property. [Id. at 13 ¶ 34].

---

[4] The Court will discuss SPS's challenge to the validity of this affidavit hereinafter. See [Doc. 5 at 3-4 & nn.4-5; Doc. 10 at 6].

4

This is the fourth lawsuit Reshaw has filed challenging the servicing and foreclosure of the mortgage loan.[5] He filed the first complaint on May 17, 2013, in the Superior Court of Fayette County, Georgia, naming Bank of America, N.A. ("BANA") and HSBC as defendants and generally challenged their standing to initiate foreclosure proceedings against the property. See Reshaw v. Bank of Am. N.A., Civil Action File No. 3:13-cv-00105-TCB, at [Doc. 1-1] (N.D. Ga. June 21, 2013) (referred to as the "first action"). After timely removing the complaint to this Court on June 21, 2013, see id. at [Doc. 1] (N.D. Ga. June 21, 2013), BANA and HSBC filed a motion to dismiss the complaint, see id. at [Doc. 3] (N.D. Ga. June 28, 2013). However, Reshaw subsequently moved to voluntarily dismiss his complaint without prejudice, see id. at [Doc. 4] (N.D. Ga. July 30, 2013), and on

---

[5] He also has filed multiple bankruptcy petitions. Specifically, in June of 2012, Reshaw filed a Chapter 13 bankruptcy petition in the Northern District of Georgia, see In re Reshaw, Bankr. Petition No. 12-11621-whd, at [Doc. 1] (Bankr. N.D. Ga. June 4, 2012), but the petition was dismissed by the bankruptcy court on August 17, 2012, see id. at [Doc. 30]. Later that year, on December 31, 2012, Reshaw filed another Chapter 13 bankruptcy petition in the Northern District of Georgia, see In re Reshaw, Bankr. Petition No. 12-13649-whd, at [Doc. 1] (Bankr. N.D. Ga. Dec. 31, 2012); however, on April 1, 2013, the bankruptcy court once again dismissed the petition, see id. at [Doc. 29], on the basis that Reshaw's "willful failure to abide by orders of the Court and to properly prosecute consecutive Chapter 13 cases" had resulted in "prejudicial delay in protecting the rights and interests of [his] various creditors," id. at [Doc. 29 at 2]. In April of 2018, Reshaw filed a third Chapter 13 bankruptcy petition in the Northern District of Georgia, see In re Reshaw, Bankr. Petition No. 18-10692-whd, at [Doc. 1] (Bankr. N.D. Ga. Apr. 2, 2018), but the case was dismissed on June 8, 2018, after Reshaw "filed a request for dismissal pursuant to 11 U.S.C. Section 1307(b)," id. at [Doc. 30].

November 25, 2013, the Court entered an Order, granting Reshaw's motion and dismissing the action without prejudice, see id. at [Doc. 5] (N.D. Ga. Nov. 25, 2013).

On June 17, 2014, Reshaw filed another action in the Superior Court of Fayette County, Georgia, this time against SPS, see Reshaw v. Select Portfolio Servicing, Inc., Civil Action File No. 3:14-cv-00121-TCB, at [Doc. 1-1] (N.D. Ga. July 25, 2015) (referred to as the "second action"), along with an "Emergency Injunction to Cancel or Postpone the Sale of Property," id. at [Doc. 1-1 at 26-32 (emphasis and all caps omitted)]; see also id. at [Doc. 2 (emphasis and all caps)] (N.D. Ga. July 25, 2014), in which he alleged that SPS lacked standing to foreclose on the property because it was neither Reshaw's "Creditor [n]or the Authorized Servicer," and because it had failed to "prove" that it was the "Holder" of the "Original Promissory Note," see id. at [Doc. 1-1 at 8 ¶¶ 26-28, 11 ¶ 44 (emphasis and footnote omitted)]; see also id. at [Doc. 1-1 at 33-35 (emphasis and all caps omitted) (reiterating, in his "Addendum to Plaintiff's Complaint," that SPS "is not [Reshaw's] creditor or the Loan's servicer," and thus "holds no interest in the Note or the Security Deed")]; id. at [Doc. 9 at 2-3 (identifying "the big issue" as whether "[HSBC] ha[d] standing to pursue foreclosure against the Plaintiffs")] (N.D. Ga. Sept. 26, 2014).   Reshaw further asserted claims against SPS for "illegal co[n]version"; attempted wrongful foreclosure; declaratory judgment; breach of the covenant of good faith and fair dealing; unfair and deceptive business

6

practices; fraud and/or attempted fraud; violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; unjust enrichment; adequate assurances of performance; and unconscionability, and he also referenced claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Id. at [Doc. 1-1 at 6-17 ¶¶ 20, 22, 25-84 (emphasis and all caps omitted)]. On July 25, 2014, SPS removed the action to this Court, see id. at [Doc. 1] (N.D. Ga. July 25, 2014), and subsequently filed a motion to dismiss the complaint under Rule 12(b)(6), id. at [Doc. 5] (N.D. Ga. Aug. 14, 2014). After a Report and Recommendation was entered recommending that SPS's motion to dismiss be granted, id. at [Doc. 12] (N.D. Ga. Nov. 13, 2014), Reshaw again voluntarily dismissed the action, id. at [Doc. 14] (N.D. Ga. Nov. 26, 2014), and on December 5, 2014, the Court found that he had the "absolute right to dismiss his complaint without prejudice" and therefore dismissed the action, id. at [Doc. 15] (N.D. Ga. Dec. 5, 2014].

Reshaw next initiated an action against SPS in this Court on September 19, 2018, see Reshaw v. Select Portfolio Servicing, Inc, Civil Action File No. 3:18-cv-00109-TCB, at [Doc. 1] (N.D. Ga. Sept. 19, 2018) (referred to as the "third action"), alleging that SPS violated the FDCPA; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and the Georgia Fair Business Practices Act ("GFBPA"),

O.C.G.A. § 10-1-390 et seq.; asserting other state law claims of negligence, wrongful foreclosure, and intentional infliction of emotional distress; and seeking damages and injunctive relief, id. at [Doc. 1 at 19-39 ¶¶ 67-139]. SPS moved to dismiss Reshaw's complaint, id. at [Doc. 4] (N.D. Ga. Oct. 12, 2018), and on July 31, 2019, the undersigned issued a Final Report, Recommendation, and Order, recommending that SPS's motion be granted and that Reshaw's complaint be dismissed as barred by the doctrine of res judicata pursuant to the two dismissal rule and for failure to state a plausible claim for relief, Reshaw v. Select Portfolio Servicing, Inc., CIVIL ACTION NO. 3:18-cv-00109-TCB-RGV, 2019 WL 5490620, at *5, 12 (N.D. Ga. July 31, 2019), adopted by 2019 WL 5491307, at *2 (N.D. Ga. Aug. 27, 2019). The Report and Recommendation was adopted by the Honorable Timothy C. Batten, United States District Judge, on August 27, 2019. Reshaw, 2019 WL 5491307, at *2.

Reshaw initiated the instant action against SPS in the Superior Court of Fayette County on March 16, 2020, alleging claims of lack of standing to foreclose and wrongful foreclosure, fraud in the concealment, fraud in the inducement, unconscionable contract, breach of contract, breach of fiduciary duty, slander of title, declaratory relief, and intentional infliction of emotional distress. [Doc. 1-1]. SPS removed the action to this Court on April 30, 2020, [Doc. 1], and subsequently filed a motion to dismiss Reshaw's complaint, [Doc. 5], which Reshaw opposes,

8

[Doc. 9].  On July 15, 2020, Reshaw filed a motion to quash SPS's notice of removal and to remand the case or, in the alternative, for leave to file his first amended complaint, [Doc. 14], which SPS opposes, [Doc. 15].  The pending motions, having been fully briefed, are now ripe for ruling.

## II.  DISCUSSION

### A.  <u>Motion to Remand, [Doc. 14]</u>

#### 1.  *Legal Standard*

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'"  <u>PHH Mortg. Corp. v. Diamond</u>, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (alterations in original) (quoting 28 U.S.C. § 1441(a)); <u>see also</u> <u>Nam v. U.S. Xpress, Inc.</u>, Civil Action No. 1:10–CV–3924–AT, 2011 WL 1598835, at *2 (N.D. Ga. Apr. 27, 2011) (citing 28 U.S.C. § 1441(a)) ("A defendant may remove an action from state court to federal court so long as the federal court would have originally had federal question or diversity jurisdiction.").  A defendant seeking to remove any civil action from a State court must file with the appropriate district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with

a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  28 U.S.C. § 1446(a).  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1).

"Federal district courts are courts of limited jurisdiction and, as such, the Eleventh Circuit requires remand of removed cases where federal jurisdiction is not absolutely clear."  Nam, 2011 WL 1598835, at *2 (citation omitted); see also Fabre v. Bank of Am., NA, 523 F. App'x 661, 663 (11th Cir. 2013) (per curiam) (unpublished) (citation omitted).  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted); see also Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772, 777 (11th Cir. 2008) (per curiam) (unpublished) (citation and internal marks omitted) (noting that "the party asserting diversity jurisdiction[] ha[s] the burden to affirmatively allege facts demonstrating the existence of jurisdiction"); Estate of Wasden ex rel. Wasden v. Citizens Commc'ns, Civil Action No. 13–0002–KD–B, 2013 WL 2458506, at *3 (S.D. Ala. June 6, 2013), adopted at *1 (citation omitted) ("The burden of establishing subject matter jurisdiction for the purpose of a valid removal is squarely on the removing party.").

"After removal, a party can move to remand to state court on the basis of any defect in the removal[,] including lack of subject-matter jurisdiction," Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1331 (M.D. Ala. 2008) (footnote omitted) (citing 28 U.S.C. § 1447(c)), as well as failure to timely file the notice of removal in compliance with § 1446(b), Greenfield v. Allstate Indem. Co., No. 2:11-CV-4221-KOB, 2012 WL 2153273, at *4 (N.D. Ala. June 13, 2012) ("[F]ailure to comply with § 1446(b) makes removal defective and justifies remand[.]").  "A motion based on a removal defect must be made within 30 days after the filing of the notice of removal," but "there is no time limitation on a motion to remand for lack of subject-matter jurisdiction."  Bankhead, 529 F. Supp. 2d at 1331-32 (citation omitted) (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.64 (11th Cir. 2007)).

### 2.   *Analysis*

On April 30, 2020, SPS removed the action to this Court on the basis of diversity jurisdiction, [Doc. 1 at 2-6], and on July 15, 2020, Reshaw moved to remand the case to the Superior Court of Fayette County, arguing that SPS's notice of removal was untimely as Reshaw had not served SPS before the notice of removal was filed, [Doc. 14 at 2-3], and asserting that this Court lacks diversity jurisdiction over the action because the parties are not diverse, as he is a citizen of the state of Georgia and "SPS is a corporation organized under Utah law, with its

principal place of business in Utah," but which conducts business in Georgia, [id. at 3-5]. SPS responds that its notice of removal was timely filed because there is no requirement that the removing party be served prior to removal and, in any event, Reshaw waived this issue by failing to file a motion to remand within 30 days of SPS's notice of removal. [Doc. 15 at 4-6]. Additionally, SPS argues that the parties are completely diverse as required for diversity jurisdiction because SPS is incorporated and has its principal place of business in Utah, and merely conducting business in Georgia does not make it a citizen of this state. [Id. at 6-7].

The Court begins with the timeliness of SPS's removal. As previously noted, "§ 1446(b) provides that a notice of removal must be filed within 30 days after service of the complaint." Timbercreek Invs., LLC v. City of Daphne Planning Comm'n, Civil Action No. 10–0355–WS–M, 2010 WL 3613854, at *2 (S.D. Ala. Sept. 7, 2010); see also Greenfield, 2012 WL 2153273, at *2 (citing 28 U.S.C. § 1446(b)). However, "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." Whitehurst v. Wal-Mart, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam) (unpublished) (citations omitted). Because the "removal clock does not begin before service of official process," SPS's notice of removal was timely. Burgos v. Sand Canyon Corp., 813 F. App'x 363, 366-67 (11th Cir. 2020) (per curiam) (unpublished). And, in any event, SPS correctly notes that "Reshaw waived any

procedural challenge to the timeliness of the [n]otice of [r]emoval because he filed his [m]otion seeking to remand the case to state court more than 30 days after SPS filed the [n]otice of [r]emoval." [Doc. 15 at 5]. As previously noted, "a motion to remand a case to state court on the basis of any defect other than lack of subject matter jurisdiction," including untimely removal, "'must be made within 30 days after the filing of the notice of removal.'" Abedi v. U.S. Bank Nat'l Ass'n, 775 F. App'x 538, 540 (11th Cir. 2019) (per curiam) (unpublished) (quoting 28 U.S.C. § 1447(c)). Accordingly, Reshaw's objection to the timeliness of the removal notice is untimely, but the Court still must consider whether it has subject matter jurisdiction over this action.

A "district court has diversity jurisdiction where [the] parties are citizens of different states and [the] amount in controversy exceeds $75,000[.]" Williams v. Ross Dress for Less, Inc., Case No. 0:17-cv-61673-KMM, 2018 WL 3412857, at *1 n.2 (S.D. Fla. July 6, 2018) (citing 28 U.S.C. § 1332); see also Wells Fargo Bank, N.A. v. Carter, No. 5:15-CV-94 (CAR), 2015 WL 13450479, at *2 (M.D. Ga. May 1, 2015). The parties do not dispute that the amount in controversy exceeds $75,000 in this case, see generally [Docs. 14 & 17]; see also [Doc. 1 at 3-6; Doc. 15 at 7 (citations omitted)], and thus, the sole remaining issue is whether complete diversity is satisfied, which "requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant," Md. Cas. Co. v. Mid–Continent Cas. Co., Case No.

6:13–cv–73–Orl–37TBS, 2013 WL 12166223, at *1 (M.D. Fla. Jan. 25, 2013) (citing

Lincoln Prop. Co. v. Roche, 546 U.S. 81, 82 (2005)).

"As an initial matter, the parties agree that [Reshaw] is a citizen of Georgia,"

and "the Court turns to consider whether [SPS has] sufficiently established that [it

is a] resident[] of some other state."  Rolfe v. CVS Pharmacy, Inc., 1:14-CV-01913-

ELR, 2015 WL 12860556, at *2 (N.D. Ga. Apr. 27, 2015); see also [Doc. 14 at 4; Doc.

15 at 6].  Reshaw acknowledges that SPS is "a corporation organized under Utah

law, with its principal place of business in Utah," but asserts that it "came to

Georgia to do business with [him]," "admitted jurisdiction of Georgia" when it

"accepted loan servicing," has a registered agent in Georgia, and is authorized by

the state to transact business in Georgia.  [Doc. 14 at 4-5]; see also [Doc. 17 at 5-6].

"For purposes of establishing diversity jurisdiction, '[a] corporation shall be

deemed to be a citizen of any state by which it has been incorporated and of the

state where it has its principal place of business.'"  Green v. Aramark Food &

Support Servs. Grp., Inc., Case Number: 15-24599-CIV-MORENO, 2016 WL

7508245, at *1 (S.D. Fla. Feb. 9, 2016) (alteration in original) (quoting 28 U.S.C. §

1332(c)(1)).  As SPS points out, [Doc. 15 at 7 (citation omitted)], Reshaw "seems to

confuse the concept of personal jurisdiction and subject matter jurisdiction,"

Johnson v. Bank of Am., N.A., CIVIL ACTION NO. 1:12-CV-901-ODE, 2012 WL

13014028, at *4 (N.D. Ga. Oct. 30, 2012).  Indeed, "the mere fact that a corporation

14

is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction." Barnett v. Norfolk & Dedham Mut. Fire Ins. Co., 773 F. Supp. 1529, 1531 (N.D. Ga. 1991) (citations and internal marks omitted).  Moreover, the "location of a registered agent would only be considered for diversity jurisdiction purposes if the principal place of business had to be determined by looking at the total activities of the corporation," but "[h]ere, [SPS's] undisputed principal place of business is in [Utah]." Tremble v. Liberty Mut. Ins. Co., No. CV 106–192, 2007 WL 1582759, at *2 (S.D. Ga. May 30, 2007) (footnote, citation, and internal marks omitted).[6]  Accordingly, the parties are citizens of different states for purposes of diversity jurisdiction, and the Court has subject matter jurisdiction over this matter.  See Green, 2016 WL 7508245, at *1. Therefore, it is **RECOMMENDED** that Reshaw's motion to remand, [Doc. 14], be **DENIED**.[7]

---

[6] Although Reshaw's complaint asserts that SPS "is a citizen of the State of Utah for diversity purposes" and that SPS has its principal place of business in Utah, [Doc. 1-1 at 4 ¶ 4], and reaffirms in his motion to remand that SPS has its principal place of business in Utah, [Doc. 14 at 4], Reshaw asserts for the first time in his reply that SPS's principal place of business is in Georgia, [Doc. 17 at 5-6]. However, "[a]rguments made for the first time in a reply brief are not properly before the Court." Mack v. Hous. Auth. for the City of Athens, No. 3:09-CV-62 (CDL), 2010 WL 797211, at *3 n.2 (M.D. Ga. Mar. 3, 2010) (citation omitted).

[7] The Court will address Reshaw's alternative motion for leave to file a first amended complaint hereinafter. See [Doc. 14].

**B.**   <u>**Motion to Dismiss, [Doc. 5]**</u>

**1.**   *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court must accept Reshaw's allegations as true and construe the complaint in his favor.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993); <u>Tapsoba v. Khiani Alpharetta, LLC</u>, Civil Action No. 1:13–CV–1519–RWS, 2013 WL 4855255, at *1 (N.D. Ga. Sept. 11, 2013).[8]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.

---

[8] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" <u>Smith v. Delta Air Lines, Inc.</u>, 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).  "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.  If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'" <u>Id.</u> (alteration in original) (footnote omitted) (quoting <u>Associated Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974)).  Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

544, 555 (2007) (alteration in original) (citations and internal marks omitted); see also Lenbro Holding Inc. v. Falic, 503 F. App'x 906, 909 (11th Cir. 2013) (per curiam) (unpublished) (alterations in original) (citation omitted) ("Allegations entitled to no assumption of truth include '[l]egal conclusions without adequate actual support' or '[f]ormulaic recitations of the elements of a claim.'").

"Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (footnote and citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations omitted); see also Evans v. Ga. Dep't of Behavioral Health & Developmental Disabilities, CV 415-103, 2018 WL 4610630, at *3 (S.D. Ga. Sept. 25, 2018) (alterations in original) (citation and internal marks omitted) ("Although there is no probability requirement at the pleading stage, something beyond . . . mere possibility . . . must be alleged.").

"While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556), "[t]o state a plausible claim for relief, a plaintiff must go beyond merely pleading the 'sheer possibility' of unlawful activity by [] defendant and so must offer 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,'" Stabb v. GMAC Mortg., LLC, 579 F. App'x 706, 708 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted); see also Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam) (citation omitted); Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted). An action barred by res judicata is properly dismissed for failure to state a claim

pursuant to Rule 12(b)(6).  See Brown v. One Beacon Ins. Co., 317 F. App'x 915, 918

(11th Cir. 2009) (per curiam) (unpublished) (citation omitted) ("The district court

properly dismissed the action under Rule 12(b)(6) as barred by the doctrine of *res*

*judicata*[.]"); McIntyre v. JPMorgan Chase Bank, NA, CIVIL ACTION FILE NO.

1:14-CV-04017-MHC-JFK, 2015 WL 11422303, at *5 n.8, *8 (N.D. Ga. Mar. 23, 2015)

(dismissing plaintiff's complaint with prejudice under Rule 12(b)(6) based on the

doctrines of res judicata and collateral estoppel).

Additionally, "when a complaint is grounded in fraud, as it appears

[Reshaw's] complaint is, the complaint must comply with Fed.R.Civ.P. 9(b)'s

heightened pleading requirement that [i]n alleging fraud or mistake, a party must

state with particularity the circumstances constituting fraud or mistake."

Roundtree v. Countrywide Home Loans, Inc., No. 3:09-cv-189-J-32TEM, 2009 WL

5215334, at *4 (M.D. Fla. Dec. 29, 2009) (second alteration in original) (internal

marks omitted). "To satisfy Rule 9(b)'s 'particularity' standard, [Reshaw's]

complaint should 'identify (1) the precise statements, documents or

misrepresentations made; (2) the time and place of and persons responsible for the

statement; (3) the content and manner in which the statements misled [Reshaw];

and (4) what [] [SPS] gain[ed] by the alleged fraud.'"  Id. (quoting W. Coast

Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th

Cir. 2008) (per curiam) (unpublished)).  Finally, although *pro se* pleadings are

governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings"); Lindsay v. Bank of Am. Home Loans, CIVIL ACTION NO. 1:15-CV-2074-ELR-LTW, 2016 WL 4546654, at *4 (N.D. Ga. Feb. 1, 2016) (citation omitted). Additionally, the leniency afforded *pro se* parties "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Constantin v. Wells Fargo Bank, N.A., Civil Action No. 2:13–CV–00155–RWS, 2014 WL 793609, at *2 (N.D. Ga. Feb. 27, 2014) (citation and internal marks omitted).

## 2.   *Analysis*

Reshaw's complaint alleges the following causes of action: lack of standing to foreclose and wrongful foreclosure, [Doc. 1-1 at 15-18 ¶¶ 50-67]; fraud in the concealment, [id. at 18-19 ¶¶ 68-82]; fraud in the inducement, [id. at 19-20 ¶¶ 83-91]; unconscionable contract, [id. at 20-21 ¶¶ 92-100]; breach of contract, [id. at 21-

22 ¶¶ 101-05]; breach of fiduciary duty, [id. at 22-23 ¶¶ 106-12]; slander of title, [id. at 23-24 ¶¶ 113-20];[9] declaratory relief, [id. at 24-25 ¶¶ 127-30]; and intentional infliction of emotional distress, [id. at 25-26 ¶¶ 131-42].[10]  SPS moves to dismiss Reshaw's complaint, arguing that it is an impermissible shotgun pleading, that it is barred by res judicata, and that the claims fail as a matter of law.  [Doc. 5 at 8-25].

### i.        Shotgun Complaint

SPS argues that Reshaw's complaint is an impermissible shotgun pleading that fails "to satisfy the pleading standards of Rule 8, *Twombly* and *Iqbal* because it offer[s] conclusory allegations devoid of factual enhancement and rests on discredited theories concerning [SPS's] purported lack of authority to foreclose on [the] property[.]"  [Doc. 5 at 8 (last alteration in original) (citation and internal marks omitted)].  The Court agrees that Reshaw's complaint "is a [] 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly," Magluta

---

[9] The Court notes that the paragraphs of the complaint have been mis-numbered, such that a second paragraph 111 appears after paragraph 119, and then immediately following are paragraphs 127 and upward.  See [Doc. 1-1 at 24].  The Court refers to the second paragraph 111 as if it were chronologically numbered as paragraph 120 and refers to the remaining paragraphs of the complaint as they appear.

[10] Page 17 of Reshaw's complaint appears to have been inadvertently omitted and is not before the Court.  See [Doc. 1-1 at 18-19].

v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam); see also Bailey v. Janssen Pharmaceutica, Inc., 288 F. App'x 597, 602-03 (11th Cir. 2008) (per curiam) (unpublished); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008), abrogated on other grounds by Iqbal, 556 U.S. at 662 and Twombly, 550 U.S. at 544, as recognized in LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (per curiam) (unpublished) (footnote omitted) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years[.]").  In Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified "four rough types or categories of shotgun pleadings" as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Id. at 1322-23 (footnotes omitted); see also Yeyille v. Miami Dade Cty. Pub. Sch., 643 F. App'x 882, 884 (11th Cir. 2016) (per curiam) (unpublished) (citation omitted).

Reshaw's complaint, which arguably falls under the first, second, and fourth categories of shotgun pleadings described by the Eleventh Circuit, "is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure." Magluta, 256 F.3d at 1284 (citation omitted). It is replete with legal conclusions and arguments that "have no place in a complaint," Sylvia v. Bank of N.Y. Mellon, CIVIL ACTION FILE NO. 1:12-CV-02598-WSD-JFK, 2012 WL 12844769, at *4 (N.D. Ga. Oct. 25, 2012), adopted by 2012 WL 12845114, at *1 (N.D. Ga. Nov. 30, 2012) (citation omitted), and the causes of action do not contain sufficient factual detail to show that SPS is liable on the claims alleged, see generally [Doc. 1-1]. Indeed, "[e]ven under Fed.R.Civ.P. 8(a)'s notice pleading provision and the liberal interpretation given to pro se pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." Martinez v. City of Orlando, No. 6:09-cv-802-Orl-22GJK, 2009 WL 3048486, at *5 (M.D. Fla. Sept. 21, 2009), adopted at *2 (citation and internal marks omitted); see also Giscombe v. ABN Amro Mortg. Grp., Inc., 680 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010).

Reshaw's complaint is replete with "rambling legal conclusions," <u>Graham v.</u>
<u>Mortg. Elec. Registration Sys., Inc.</u>, Civil Action No. 2:11–CV–00253–RWS, 2012
WL 527665, at *1 (N.D. Ga. Feb. 17, 2012) (citation and internal marks omitted),
and "vague and conclusory [factual] allegations," making it "difficult for the Court
to understand the claims [Reshaw] is asserting and the factual bases that underlie
them," <u>Wilson v. JP Morgan Chase Bank, N.A.</u>, Civil Action No. 2:11–CV–00135–
RWS, 2012 WL 603595, at *3 (N.D. Ga. Feb. 24, 2012). Moreover, Reshaw's third,
fourth, fifth, sixth, seventh, eighth, and ninth causes of action incorporate by
reference all of the preceding paragraphs. [Doc. 1-1 at 19-25 ¶¶ 83, 92, 101, 106,
113, 127, 131].

Reshaw also fails to focus his allegations on the alleged wrongful conduct
of SPS, instead setting forth allegations pertaining to several non-parties. <u>See</u>
<u>generally</u> [Doc. 1-1]. Indeed, Reshaw's fourth cause of action is expressly stated
to be "[a]gainst Countrywide," [Doc. 1-1 at 20 (all caps omitted)], and each of the
paragraphs setting forth the bases for this claim identify conduct exclusively by
Countrywide, without any reference to conduct by SPS, <u>see</u> [<u>id.</u> at 20-21 ¶¶ 92-
100]. Reshaw's fifth cause of action, although not similarly expressly alleged
against non-party Countrywide, similarly contains only allegations relating to
Countrywide's conduct, without any mention of SPS. <u>See</u> [Doc. 1-1 at 21-22 ¶¶
101-05]. Additionally, in Reshaw's sixth cause of action for breach of fiduciary

duty, he discusses conduct by Countrywide and makes only one reference to SPS in the final paragraph, stating simply that "[b]ecause of its failure to comply with the [m]ortgage, [d]efendant caused a cloud on [Reshaw's] superior claim to title," without setting forth any supporting facts. See [id. at 22-23 ¶¶ 106-12]; see also Great Fla. Bank v. Countrywide Home Loans, Inc., No. 10–22124–CIV, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3, 2011) (citation omitted) (noting that plaintiff's first cause of action, based on alleged false statements and fraudulent omissions by defendants, did not specify which of defendants' statements were false or which omissions were fraudulent, instead leaving the court "to parse the previous 142 paragraphs in an attempt to guess at which statements support[ed] these various theories," and that even if the court were "able to discern which statements support[ed] the cause of action, [d]efendants [were] prejudiced by the uncertainty").   Accordingly, Reshaw's complaint is an improper shotgun pleading. See Hirsch v. Lyndon S. Ins. Co., Case No. 3:17-cv-1215-J-39JBT, 2019 WL 5110622, at *3 (M.D. Fla. June 7, 2019), adopted by 2019 WL 8370863, at * 4 (M.D. Fla. Aug. 6, 2019), aff'd, 805 F. App'x 987 (11th Cir. 2020) (per curiam) (unpublished) (recommending that the amended complaint be dismissed "because [it was] a shotgun pleading that impermissibly lump[ed] multiple [d]efendants and non-parties together, making it unclear what theory of liability [p]laintiff [was] pursuing and/or which [d]efendants or non-parties [were]

responsible for which actions"); <u>Wheeler v. Bank of N.Y. Mellon</u>, CIVIL ACTION FILE NO. 4:17-CV-278-HLM-WEJ, 2018 WL 1954927, at *2 (N.D. Ga. Jan. 22, 2018), adopted by 2018 WL 1940281, at *3 (N.D. Ga. Feb. 9, 2018) (citation omitted) ("[T]he [c]omplaint is an improper shotgun pleading that conflates three mortgage loans, multiple defendants, and nonparties and fails to offer more than labels or conclusions insufficient to show that plaintiff is entitled to relief.").

"[A] defendant faced with a shotgun complaint is not expected to frame a responsive pleading." <u>McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.</u>, No. 6:08–cv–1978–Orl–31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009); <u>see also</u> <u>Beckwith</u>, 146 F. App'x at 372 (alteration in original) (citation omitted) ("We do not require the district court, or the defendants, to 'sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted.'"). Accordingly, because "[t]his is a classic and impermissible 'shot gun' complaint, failing to comply with Rule[] 8 [of the] Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss," it is subject to dismissal. <u>Roundtree</u>, 2009 WL 5215334, at *4; <u>see also</u> <u>Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 367 & n.5 (11th Cir. 1996); <u>Graham</u>, 2012 WL 527665, at *1. "In light of [Reshaw's] *pro se* status, however, the Court will consider the merits of the [c]omplaint[.]" <u>Graham</u>, 2012 WL 527665, at *2; <u>see also</u> <u>Cooper v. Countrywide Home Loans Bank of Am.</u>,

CIVIL ACTION NO. 1:15-CV-3322-RWS-LTW, 2016 WL 5340540, at *3 (N.D. Ga. July 15, 2016), adopted by 2016 WL 4943023, at *1 (N.D. Ga. Aug. 25, 2016), aff'd, 724 F. App'x 741 (11th Cir. 2018) (per curiam) (unpublished) (addressing the merits of plaintiff's claims and finding that even if plaintiff's complaint was not a shotgun pleading, it was still due to be dismissed for failure to state a claim); Clevenger v. Ocwen Loan Servicing, LLC, CIVIL ACTION FILE NO. 1:15-CV-2531-MHC, 2015 WL 12591798, at *4 (N.D. Ga. Nov. 17, 2015) ("Although [p]laintiffs' [c]omplaint is subject to dismissal as a shotgun pleading, because [d]efendants also argue that [p]laintiffs' [c]omplaint fails to state any plausible claims on the merits, and in light of [p]laintiffs' *pro se* status, the Court will address the merits of each of the claims raised in [p]laintiffs' [c]omplaint.").

## ii.    Res Judicata

SPS argues that Reshaw's claims are barred by res judicata as he has previously "filed three other lawsuits challenging the servicing and foreclosure of his defaulted mortgage loan," which resulted in voluntary dismissals in the first two actions and a dismissal by this Court in the third action pursuant to the doctrine of res judicata and for failure to state a plausible claim for relief, and he now "alleges claims that were or could have been raised in any of his three previous actions." [Doc. 5 at 8-9 (citations omitted)].  Reshaw has failed to respond

to SPS's arguments that his claims are subject to dismissal based on the doctrine of res judicata.  See generally [Doc. 9].

Under the principle of res judicata,[11] a final judgment on the merits in a civil action operates to preclude a party, or those in privity with a party, from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action.  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (citations omitted).  "Whether in federal or state courts, 'res judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.'"  Davis v. U.S. Steel Supply, 688 F.2d 166, 174 (3d Cir. 1982) (en banc) (citations omitted) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  "The doctrine of res judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and

---

[11] The Court uses the term res judicata in its traditional sense as a synonym for claim preclusion, which "bars the re-litigation of claims that were raised or could have been raised in a prior proceeding," McCulley v. Bank of Am., N.A., 605 F. App'x 875, 877 (11th Cir. 2015) (per curiam) (unpublished) (citing Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013)), as distinguished from collateral estoppel (or issue preclusion), which applies only to specific issues that were actually litigated and necessarily decided in the prior action, see In re Morrow, 508 B.R. 514, 522 (Bankr. N.D. Ga. 2014) (quoting Waldroup v. Greene Cty. Hosp. Auth., 463 S.E.2d 5, 7 (Ga. 1995)) (noting that "collateral estoppel under Georgia law limits the doctrine's applicability to 'those issues that necessarily had to be decided in order for the previous judgment to have been rendered'").

responsibilities of the parties and their privies." <u>Baptiste v. Comm'r of Internal Revenue</u>, 29 F.3d 1533, 1539 (11th Cir. 1994). "As to the parties to the prior proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." <u>Id.</u> (citations omitted).

When, as here, the preclusive effect of prior federal court judgments is at issue, federal law governs the res judicata analysis. <u>Cordner v. Specialized Loan Servicing, LLC</u>, CIVIL ACTION FILE NO: 1:15-CV-2090-TWT-JFK, 2016 WL 3675557, at *11 (N.D. Ga. June 7, 2016), adopted by 2016 WL 3634722, at *1 (N.D. Ga. July 7, 2016) (citations omitted). For res judicata to apply under federal law, four elements must be satisfied: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) identical parties (or their privies) in both actions, and (4) the same cause of action at issue in both cases. <u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1296 (11th Cir. 2001) (citations omitted); <u>see also</u> <u>Echeverria v. Bank of Am., N.A.</u>, 632 F. App'x 1006, 1008 (11th Cir. 2015) (per curiam) (unpublished) (citation omitted); <u>Clark v. Comm'r of Internal Revenue Serv.</u>, No. CV409-058, 2009 WL 1363411, at *2 (S.D. Ga. Mar. 30, 2009), adopted by 2009 WL 1034785, at *1 (S.D. Ga. Apr. 16, 2009) (citations omitted).

"Rule 41(a)(1) allows plaintiffs to dismiss an action without court order before the opposing party files an answer or a summary-judgment motion."

29

<u>Sealey v. Branch Banking & Tr. Co.</u>, 693 F. App'x 830, 834 (11th Cir. 2017) (per curiam) (unpublished) (citing Fed. R. Civ. P. 41(a)(1)(A)(i)).   "Ordinarily, 'the dismissal is without prejudice[,]' [b]ut, under the so-called two-dismissal rule, 'if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.'"   <u>Id.</u> (citation omitted).   The Eleventh Circuit has explained that "the primary purpose" of the two dismissal rule "'is to prevent unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading.'"   <u>Librizzi v. Ocwen Loan Servicing, LLC</u>, 120 F. Supp. 3d 1368, 1377 (S.D. Fla. 2015) (quoting <u>ASX Inv. Corp. v. Newton</u>, 183 F.3d 1265, 1268 (11th Cir. 1999)).   The two dismissal rule "applies if the defendants in the consecutive cases are the same, substantially the same or in privity with each other."   <u>Jung v. Deutsche Bank Nat'l Tr. Co.</u>, C.A. No. 17-295WES, 2017 WL 7792573, at *2 (D.R.I. Sept. 26, 2017), adopted by 2018 WL 1054351, at *1 (D.R.I. Feb. 23, 2018) (citation omitted).

As discussed in the Final Report, Recommendation, and Order on SPS's motion to dismiss the third action, "Reshaw's voluntary dismissal of the [second] action against SPS was an adjudication on the merits under the two dismissal rule," and thus, "the first element for application of res judicata is satisfied."

<u>Reshaw</u>, 2019 WL 5490620, at *5.[12]  Similarly, this Court's dismissal with prejudice

in the third action because the complaint was barred by res judicata and failed to

_____

[12] Specifically, this Court explained that the second action was an adjudication on the merits under the two dismissal rule because:

> In his first complaint, Reshaw generally challenged the standing of BANA and HSBC to initiate foreclosure proceedings against the property, asserting claims under the FDCPA, RESPA, and the GFBPA, along with other state law claims, including fraudulent conversion. <u>See</u> <u>Reshaw</u>, Civil Action File No. 3:13-cv-00105-TCB, at [Doc. 1-1].  In his second complaint, Reshaw challenged SPS's standing to foreclose on the property, asserting claims under the FDCPA, RESPA, and TILA, as well as state law claims for breach of the covenant of good faith and fair dealing, "illegal coversion [sic]," unfair and deceptive business practices, fraud and "attempted fraud," unjust enrichment and unconscionable conduct, failure to provide "adequate assurances" under "Georgia's uniform commercial code," and attempted wrongful foreclosure.  <u>See</u> <u>Reshaw</u>, Civil Action File No. 3:14-cv-00121-TCB, at [Doc. 1-1].  Although Reshaw named different defendants in the two prior actions, BANA, HBSC, and SPS were in privity, and thus, the claims asserted in the second action were the same as the claims asserted in the first action, and they were based on the same arguments challenging the standing of the defendants to collect his defaulted and unpaid loan balance or to foreclose his interest in the property.  "Courts acknowledge that privity exists between preceding and succeeding owners of property," and "[s]imilarly, assignees and servicing agents of a loan are in privity with an original mortgage company."  <u>Ernest v. CitiMortgage, Inc.</u>, No. SA:13–CV–802–DAE, 2014 WL 294544, at *4 (W.D. Tex. Jan. 22, 2014) (citations omitted); <u>see also</u> <u>Bailey v. Deutsche Bank Tr. Co. Ams.</u>, No. 3:13–CV–00001 (CAR), 2013 WL 820411, at *2-3 (M.D. Ga. Mar. 5, 2013); <u>Crooked Creek Props., Inc. v. Ensley</u>, No. 2:08-CV-1002-WKW[WO], 2009 WL 3644835, at *16 (M.D. Ala. Oct. 28, 2009), <u>aff'd</u>, 380 F. App'x 914 (11th Cir. 2010) (per curiam) (unpublished).  "SPS, the loan servicer, and [HSBC], the loan holder, are plainly in privity with one another," <u>Moreland v. Bank of N.Y. Mellon</u>, No. CV 214-112,

state a claim was a final judgment on the merits.  See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001); Solis v. Glob. Acceptance Credit Co., L.P., 601 F. App'x 767, 770 (11th Cir. 2015) (per curiam) (unpublished) (alteration, citations, and internal marks omitted) ("[T]he Supreme Court has flatly stated that the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits."); Dixon v. Bd. of Cty. Comm'rs Palm Beach Cty., 518 F. App'x 607, 610 (11th Cir. 2013) (per curiam) (unpublished) (citation omitted) ("The district court dismissed the claims in the January 2012 complaint with prejudice on the grounds that they were barred by *res judicata*, and this operated as a final judgment on the merits."); Lobo, 704 F.3d at 893 (alteration in original) (internal marks omitted) (quoting Hall v. Tower Land & Inv. Co., 512 F.2d 481, 483 (5th Cir. 1975)) ("[G]ranting defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted operates as an adjudication

---

2015 WL 4274419, at *4 (S.D. Ga. July 14, 2015), aff'd, 669 F. App'x 971 (11th Cir. 2016) (per curiam) (unpublished) (citation omitted); see also Givenchy v. Countrywide Home Loans, Inc., CIVIL ACTION NO. 1:18-cv-02180-SCJ-RGV, 2018 WL 6829074, at *5 n.11 (N.D. Ga. Nov. 21, 2018), adopted by 2018 WL 6829057, at *1 (N.D. Ga. Dec. 13, 2018). Because the second action Reshaw filed against SPS included claims previously asserted in the first action against BANA and HSBC, and these parties are in privity, his voluntary dismissal of the second action operated as an adjudication on the merits of those claims, which all arose out of the attempted foreclosure of the property.

Reshaw, 2019 WL 5490620, at *4 (alterations in original) (footnote omitted).

on the merits.").  And, as to the second element, the dismissals in the second and third action were unquestionably rendered by a court of competent jurisdiction. See Cordner, 2016 WL 3675557, at *12 (citation omitted) ("[T]he United States District Court, Northern District of Georgia, is a court of competent jurisdiction."). Turning to the third element, it is clear that the prior actions also involved the same parties, as both the second and third actions were brought by Reshaw against SPS. See Reshaw, Civil Action File No. 3:18-cv-00109-TCB, at [Doc. 1]; Reshaw, Civil Action File No. 3:14-cv-00121-TCB, at [Doc. 1-1].

Finally, it must be determined whether the prior actions involved the same causes of action.  In order to satisfy the requirement that the lawsuits involve the same causes of action, identical claims and legal theories are not required for res judicata to apply, but rather, "'[i]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.'" Milburn v. Aegis Wholesale Corp., Civil Action No. 1:12–CV–1886–RWS, 2013 WL 1747915, at *4 (N.D. Ga. Apr. 22, 2013) (second alteration in original) (quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990)); see also Echeverria, 632 F. App'x at 1008 (citation omitted); Home Depot U.S.A., Inc. v. U.S. Fire Ins. Co., 299 F. App'x 892, 896 (11th Cir. 2008) (per curiam) (unpublished) (citations omitted).  That is, "[r]es judicata applies not only to the

precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact," Draper v. Atlanta Indep. Sch. Sys., 377 F. App'x 937, 939 (11th Cir. 2010) (unpublished) (citation and internal marks omitted), and it therefore "bars the filing of claims which were raised or could have been raised in an earlier proceeding," Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted); see also Gjellum v. City of Birmingham, 829 F.2d 1056, 1059-60 (11th Cir. 1987) (citation and internal marks omitted) ("[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties . . . are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim . . . but as to any other admissible matter which might have been offered for that purpose.").

In this lawsuit, Reshaw asserts nine causes of action against SPS for lack of standing to foreclose and wrongful foreclosure, fraud in the concealment and the inducement, unconscionable contract, breach of contract, breach of fiduciary duty, slander of title, declaratory relief, and intentional infliction of emotional distress,[13] each of which relates to alleged wrongdoing regarding the servicing and transfers

---

[13] As previously noted, causes of action four through six do not adequately allege conduct by SPS and rely instead on the conduct of non-party Countrywide.  See [Doc. 1-1 at 20-23 ¶¶ 92-112].

of his mortgage loan and accompanying security deed and attempts to foreclose on the property.  <u>See</u> [Doc. 1-1 at 15-26 ¶¶ 50-142].  Throughout the complaint, Reshaw repeatedly insists that neither SPS nor any other entity has standing to foreclose on the property, relying on theories regarding the splitting of the note and security deed and the securitization of his mortgage, <u>see generally</u> [Doc. 1-1], which, as the Court will discuss in greater detail hereinafter, have been consistently rejected by the courts.  In the second action, Reshaw asserted claims against SPS for conversion, wrongful foreclosure, declaratory judgment, breach of the covenant of good faith and fair dealing, unfair and/or deceptive business practices, fraud and/or attempted fraud, unjust enrichment, adequate assurances of performance, unconscionability, and violations of RESPA, TILA, and the FDCPA, which similarly arose from the servicing of his loan or SPS's alleged lack of standing to foreclose.  <u>See</u> <u>Reshaw</u>, Civil Action File No. 3:14-cv-00121-TCB, at [Doc. 1-1 at 6-17 ¶¶ 20, 22, 25-84].  Finally, in the third action, Reshaw asserted claims against SPS for violations of the FDCPA, FCRA, and GFBPA, as well as negligence, intentional infliction of emotional distress, injunctive relief, and a general claim that SPS did not have an interest in the property, which again related to alleged unlawful practices pertaining to the servicing of his loan and attempts to foreclose on the property.  <u>See</u> <u>Reshaw</u>, Civil Action File No. 3:18-cv-00109-TCB, at [Doc. 1 at 19-38 ¶¶ 67-139].

"In each of [Reshaw's] lawsuits, the gravamen of [his] complaint is wrongful foreclosure," <u>Cordner</u>, 2016 WL 3675557, at *12, and the previous lawsuits apparently "involved the same [p]roperty, [n]ote, [s]ecurity [d]eed, and [a]ssignment[s] as those at issue here," <u>Milburn</u>, 2013 WL 1747915, at *3.  Each of the claims in the instant action either were or could have been raised in the earlier lawsuits, <u>see</u> <u>Manning v. City of Auburn</u>, 953 F.2d 1355, 1358 (11th Cir. 1992) (citation omitted) (explaining that res judicata "bars relitigation of matters that were litigated or could have been litigated in an earlier suit"), and since these claims ultimately arise from the same factual predicate as in Reshaw's previous actions, "any claims relating to [them] should [have been] brought in the same lawsuit," <u>Echeverria</u>, 632 F. App'x at 1008 (last alteration in original) (citation and internal marks omitted).  Therefore, the second and third actions filed by Reshaw involve the same causes of action, and Reshaw's complaint is precluded by the doctrine of res judicata.  <u>See</u> <u>Langermann v. Dubbin</u>, 613 F. App'x 850, 853 (11th Cir. 2015) (per curiam) (unpublished) (first alteration in original) (citations and internal marks omitted) ("Res judicata makes an earlier judgment an absolute bar to [a] subsequent action or suit between the same parties," and "[i]t not only bars matters *actually litigated* in the earlier action; when it applies, res judicata also bars every claim which might have been presented in the earlier action.").  Therefore,

it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** as it is barred by res judicata.  See Moitie, 452 U.S. at 398; Manning, 953 F.2d at 1358.[14]

### iii.    Merits of Reshaw's Claims

SPS also has moved to dismiss each of Reshaw's claims on their merits. [Doc. 5 at 11-25].  Reshaw filed a response in opposition to SPS's motion, arguing that non-party MERS is a "fictitious" entity with "no legal existence" that could not have properly assigned the security deed and thus, SPS lacked authority to foreclose.[15]  See [Doc. 9 at 8-19 (emphasis and citation omitted)].  Additionally, Reshaw argued that he stated a valid claim for declaratory relief.  [Id. at 19-21]. However, SPS correctly points out in its reply that Reshaw failed to address any of SPS's arguments for dismissal of his other claims, and thus he has abandoned

---

[14] "Because this action is due to be dismissed as a shotgun complaint and as barred by res judicata, there is no need for the Court to consider . . . [SPS's] arguments for dismissal based on failure to state a plausible claim."  Baldwin v. Ocwen Loan Servicing, LLC, CIVIL ACTION FILE NO. 1:18-cv-04132-MLB-RGV, 2019 WL 3490460, at *6 n.13 (N.D. Ga. May 28, 2019).  However, the Court will nonetheless proceed to consider the merits of Reshaw's claims in light of his *pro se* status.

[15] Although Reshaw's complaint fails to set forth facts clearly explaining the relationship between SPS and the property, see generally [Doc. 1-1], Reshaw asserts in his response to SPS's motion to dismiss that he received a notice of foreclosure sale from SPS "stating that it had received an assignment of the security deed from MERS as nominee for Countrywide," [Doc. 9 at 12 (all caps omitted)].

all but his wrongful foreclosure and declaratory judgment claims. [Doc. 10 at 4-5].

Indeed, "[i]n this district, failure to respond to arguments relating to a claim in the plaintiff's initial response to the motion constitutes abandonment of the claim." Moreno v. Turner, CIVIL ACTION NO. 1:13-CV-01518-RLV-JCF, 2013 WL 12095213, at *3 (N.D. Ga. Dec. 19, 2013), adopted by 2014 WL 12527483, at *1 (N.D. Ga. Jan. 31, 2014), aff'd on other grounds, 572 F. App'x 852 (11th Cir. 2014) (per curiam) (unpublished) (alteration in original) (citation and internal marks omitted); see also St. Andrews Presbyterian Coll. v. S. Ass'n of Colls. & Schs., Inc., 679 F. Supp. 2d 1320, 1335 (N.D. Ga. 2009) (citations omitted). "This principle applies in this case to justify dismissal of [Reshaw's] claims on the grounds that they have been abandoned." White v. GA Dep't of Motor Vehicle Safety, Civil Action File No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006), adopted at *1; see also McNear v. Wells Fargo Bank, N.A., CIVIL ACTION FILE NO. 3:14-cv-00195-TCB-RGV, 2015 WL 11571039, at *9 n.21 (N.D. Ga. May 11, 2015), adopted by 2015 WL 12086096, at *5 (N.D. Ga. June 17, 2015), aff'd, 651 F. App'x 928 (11th Cir. 2016) (per curiam) (unpublished) (citations omitted) (explaining that because plaintiff's "complaint [was] clearly barred by res judicata, there [was] no need for the Court to address the[] alternative grounds [for dismissal] raised by defendants," but that "to the extent [plaintiff's] claims [were]

38

not barred by *res judicata*, the claims challenged in the motion to dismiss ha[d] been abandoned by her failure to address the merits of defendants' motion to dismiss and those claims [were] due to be dismissed for this additional reason"); Baker v. DeKalb Cty., No. 1:12–cv–3247–WSD, 2014 WL 793527, at *6 n.13 (N.D. Ga. Feb. 27, 2014) (citation and internal marks omitted) ("Failure to respond to an opposing party's arguments regarding a claim constitutes abandonment of that claim, and warrants dismissal of the abandoned claim."). Accordingly, Reshaw's second, third, fourth, fifth, sixth, seventh, and ninth causes of action are due to be dismissed as abandoned, and the Court will proceed only to consider the merits of the claims which Reshaw has not abandoned—his claims for wrongful foreclosure and declaratory judgment.

### 1.    Lack of Standing and Wrongful Foreclosure Claim

Reshaw's first cause of action asserts a claim for lack of standing and wrongful foreclosure in which he alleges that SPS does not have standing to foreclose upon the property because MERS lacked the authority to assign the security deed, because his security deed and note were split, and because his mortgage loan was sold into a trust and securitized. See [Doc. 1-1 at 15-18 ¶¶ 50-67]; see also [id. at 26-27 ¶¶ 143-47]. SPS argues that Reshaw's wrongful foreclosure claim fails because he has not alleged that SPS or any other entity actually foreclosed on the property, the security deed contained a power of sale

provision entitling MERS as nominee for Countrywide to freely assign the security deed, and the alleged splitting of his note and security deed or securitization of his loan did not affect his repayment obligations or the authority to foreclose.  [Doc. 5 at 4-5 & nn.6-7, 11-12; Doc. 10 at 7-10].

As an initial matter, Reshaw's claim that MERS lacked authority to assign the security deed fails because the security deed, which Reshaw executed in favor of MERS as nominee for Countrywide, contains a provision stating that the note and security deed "can be sold one or more times without prior notice[.]"  [Doc. 5-1 at 2, 10].  "Under Georgia law, 'a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies.'"  James v. Bank of Am., N.A., 772 S.E.2d 812, 815 (Ga. Ct. App. 2015) (quoting Stewart v. Suntrust Mortg., Inc., 770 S.E.2d 892, 897 (Ga. Ct. App. 2015)).  Despite Reshaw's misguided assertion that in its capacity as nominee for Countrywide, MERS lacked the power to assign the security deed, [Doc. 9 at 12-15 (citations omitted)], "the security deed expressly conveyed title to the interests in the security deed to MERS, gave MERS the right to invoke the power of sale, and authorized MERS to assign its rights and interests in the security deed," Montgomery v. Bank of Am., 740 S.E.2d 434, 437 (Ga. Ct. App. 2013); see also Vieira v. CitiGroup, Inc., Civil Action File No. 1:12–CV–1636–TWT, 2013 WL 275581, at

*3 (N.D. Ga. Jan. 23, 2013) ("The language in the [s]ecurity [d]eed specifically authorized the assignment from MERS to CMI.").

Moreover, "[i]t is [] well-settled under Georgia law that a debtor generally does not have standing to challenge the assignment of [his] security deed." Douglas v. Merscorp Holdings, Inc., CIVIL ACTION FILE NO. 1:17-cv-4395-LMM-JKL, 2017 WL 8186814, at *2 (N.D. Ga. Dec. 4, 2017), adopted by 2018 WL 1230590, at *1 (N.D. Ga. Jan. 2, 2018) (citing Bank of Am., N.A. v. Johnson, 792 S.E.2d 704, 706 (Ga. 2016); Ames v. JP Morgan Chase Bank, N.A., 783 S.E.2d 614, 616-22 (Ga. 2016)). Because Reshaw is not a party to the assignment, he lacks standing to challenge its validity. See Montgomery, 740 S.E.2d at 438. Indeed, there is no question that "[s]ecurity deeds and other mortgage loans are transferrable by way of assignment in Georgia," Woodberry v. Bank of Am., N.A., Civil Action File No. 1:11–CV–03637–TWT, 2012 WL 113658, at *2 (N.D. Ga. Jan. 12, 2012) (citing O.C.G.A. § 44-14-64), and "[c]ourts have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale," Moore, 916 F. Supp. 2d at 1343-44 (citations and internal marks omitted); see also Mcfarland v. BAC Home Loans Servicing, LP, Civil Action No. 1:11–CV–04061–RWS, 2012 WL 2205566, at *3 (N.D. Ga. June 14, 2012) (citation omitted) ("[A]s a stranger to the [a]ssignment contract, [p]laintiff lacks standing to challenge it."); Adams v. Mortg. Elec. Registration Sys.

<u>Inc.</u>, Civil Action No. 1:11-CV-04263-RWS, 2012 WL 1319453, at *8 (N.D. Ga. Apr. 16, 2012) (citation omitted).  Thus, to the extent Reshaw's claims are predicated on the validity of any assignment, he "does not have standing to plead any claim challenging the validity of the [a]ssignment."  <u>Williams v. Deustche Bank Nat'l Tr. Co.</u>, CIVIL ACTION FILE NO. 1:16-CV-3286-WSD-CMS, 2017 WL 8217639, at *5 (N.D. Ga. Apr. 20, 2017), adopted by 2017 WL 2982548, at *5 (N.D. Ga. July 12, 2017); <u>see also</u> <u>Shannon v. Albertelli Firm, P.C.</u>, CIVIL ACTION FILE NO.: 4:13–CV–0265–HLM, 2014 WL 11310151, at *13 (N.D. Ga. Jan. 21, 2014), <u>aff'd</u>, 610 F. App'x 866 (11th Cir. 2015) (per curiam) (unpublished).

Furthermore, to the extent Reshaw attempts to challenge the assignment on the grounds that the note and security deed were improperly split, <u>see, e.g.</u>, [Doc. 1-1 at 15 ¶ 47, 26 ¶ 143], "[t]he Supreme Court of Georgia [has] rejected the 'splitting of note and deed' theory that [Reshaw] advances," <u>DeWeese v. JPMorgan Chase Bank, N.A.</u>, Civil Action No. 2:13–CV–00059–RWS, 2013 WL 6178546, at *5 (N.D. Ga. Nov. 25, 2013), <u>aff'd</u>, 598 F. App'x 623 (11th Cir. 2015) (per curiam) (unpublished) (citing <u>You v. JP Morgan Chase Bank, N.A.</u>, 743 S.E.2d 428, 433 (Ga. 2013)), since, under Georgia law, "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed," <u>You</u>, 743 S.E.2d at 433; <u>see also</u> <u>Fabre v.</u>

Bank of Am. Bank, NA, 523 F. App'x 661, 665 (11th Cir. 2013) (per curiam) (unpublished) (citation omitted) ("Actual possession of the note is not required for a secured creditor seeking non judicial foreclosure.").   Accordingly, as the "splitting" of the note and security deed between two parties does not affect the deed-holder's foreclosure rights, Reshaw has failed to state any plausible claim for relief based on this theory.

Additionally, with regard to Reshaw's securitization theory, "it could well be that [Reshaw's] mortgage was pooled with other loans into a securitized trust," but "that fact would not have any real effect on [his] rights with respect to his loan, and it certainly would not absolve [him] from having to make payments on his loan or somehow shield [his] property from foreclosure" as "[t]he simple fact of the matter is that [he] borrowed money, and he is legally obligated to pay that money back." Tonea v. Bank of Am., N.A., 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2014) (citation omitted).   Indeed, while Reshaw asserts that his note was securitized into the trust governed by a Pooling and Servicing Agreement ("PSA") and became trust property after the closing date of the trust pursuant to the PSA and thus, any subsequent assignment was void as in violation of the PSA, [Doc. 1-1 at 15 ¶¶ 47-48], "courts in this district have found 'no basis to conclude that a recorded assignment becomes invalid merely because it was not made in compliance with a PSA or any other private agreement when no party to or beneficiary of the

43

agreement has challenged the assignment,'" <u>Hayden v. Fed. Nat'l Mortg. Ass'n</u>, CIVIL ACTION FILE NO. 1:13-cv-03500-SCJ-RGV, 2014 WL 12857983, at *5 n.7 (N.D. Ga. Mar. 10, 2014), adopted by 2014 WL 12858109, at *1 (N.D. Ga. May 9, 2014) (citation omitted) (quoting <u>Alexander v. Bank of Am., N.A.</u>, Civil Action No. 2:13–CV–00067–RWS, 2014 WL 106349, at *3 (N.D. Ga. Jan. 10, 2014)); <u>see also</u> <u>Morrison v. Bank of Am., N.A.</u>, No. 1:13–cv–1052–WSD, 2014 WL 3767795, at *4 (N.D. Ga. July 31, 2014) (citations omitted) ("[N]oncompliance with the PSA, without more, does not render the [a]ssignment void[.]").  Therefore, Reshaw's securitization theory fails as well.

Finally, SPS correctly contends that "Reshaw's legal conclusions about the enforceability of his loan documents and foreclosure 'standing' are not based on well-pleaded factual allegations," but "are instead based on a 'Forensic Chain of Title Securitization Analysis,'" which courts repeatedly have rejected.  [Doc. 10 at 6]; <u>see also</u> [Doc. 5 at 3-4 & nn.4-5.  Indeed, Reshaw relies on the audit performed by Esquivel, <u>see, e.g.</u>, [Doc. 1-1 at 13 ¶¶ 32-33]; <u>see also</u> [<u>id.</u> at 31-38], but "[s]uch audits have been discredited and are insufficient to rehabilitate an otherwise deficient pleading," <u>Jorgensen v. Fed. Home Loan Mortg. Corp.</u>, Civil Action No. 2:12–CV–00236–RWS, 2013 WL 5200598, at *3 n.7 (N.D. Ga. Sept. 13, 2013) (citations omitted), and courts have determined that they are "most likely the result of charlatans who prey upon people in economically dire circumstances,"

In re Norwood, Bankruptcy No. 10–84443–PWB, 2010 WL 4642447, at *2 (Bankr. N.D. Ga. Oct. 25, 2010).  Here, "Esquivel's affidavit is replete with erroneous statements of law and is wholly unhelpful to a resolution of the case[.]"  Fed. Nat'l Mortg. Ass'n v. Harris, CIVIL ACTION NO. 1:11-cv-03207-JOF, 2012 WL 13013000, at *3 n.3 (N.D. Ga. Aug. 13, 2012).  Thus, the Court declines to "consider any facts recited by such a questionable authority."  Demilio v. Citizens Home Loans, Inc., Civil Action No. 3:12-CV-81(CAR), 2013 WL 331211, at *3 (M.D. Ga. Jan. 29, 2013), aff'd, 543 F. App'x 986 (11th Cir. 2013) (per curiam) (unpublished) (footnote omitted).

As SPS points out, [Doc. 5 at 11-12 (citation omitted) ("Reshaw does not allege that SPS or any other entity actually foreclosed [on] his [p]roperty interest. This fact alone is fatal to his wrongful foreclosure claim.")], "although [Reshaw's] claim[] appear[s] to arise from [his] 200[7] loan, subsequent assignments, and purported efforts to foreclose on [his] property," he "does not describe with any specificity what actions SPS has taken against [him] or the property, if any, or provided any factual detail concerning when SPS took those actions or how those actions [were] wrongful," and instead, his complaint "like many filed by *pro se* litigants seeking to delay, prevent or reverse a foreclosure of the property securing mortgage loans[, ]offers conclusory allegations devoid of factual enhancement and rests on discredited theories concerning [SPS's] purported lack of authority to

foreclose on [his] property," including "conclusory and baseless allegations about improper securitization of the loan, improper 'splitting' of the note and security deed, and improper assignment of the security deed," each of which have been repeatedly rejected by the courts, <u>Davis v. Select Portfolio Servicing, Inc.</u>, Civil Action No. 1:17-CV-02359-CC-JCF, 2017 WL 8186844, at *2 (N.D. Ga. Nov. 13, 2017), adopted by 2017 WL 8186799, at *1 (N.D. Ga. Dec. 1, 2017) (citations omitted).  Accordingly, Reshaw's lack of standing and wrongful foreclosure claim is due to be dismissed for failure to state a claim.

### 2.   <u>Request for Declaratory Relief</u>

Reshaw seeks a declaratory judgment determining "the rights, obligations and interest of the parties regarding the [] property" and declaring that "the title to the [] [p]roperty is vested in [him] alone and that [SPS] . . . ha[s] no . . . [] estate, right, title or interest in the [] property" and is "forever enjoined from asserting any estate, right[,] title or interest in the [] [p]roperty[.]"  [Doc. 1-1 at 24-25 ¶¶ 128, 130].  SPS moves to dismiss this claim, asserting that "Reshaw has not pled a valid cause of action against [it], and thus has not presented a 'controversy' warranting declaratory judgment."  [Doc. 5 at 22 (citation omitted)].  The Court agrees as it already has concluded that based on the facts alleged in the complaint, Reshaw's claims that SPS lacked standing to foreclose on the property are without merit, whereas Reshaw lacks standing to challenge the assignment, and Reshaw

therefore has not alleged sufficient facts to plausibly show he would be entitled to a declaratory judgment.  See Sajous v. Specialized Loan Servicing, CIVIL ACTION FILE NO.: 1:14-cv-03505-MHC-AJB, 2015 WL 11347597, at *4-5 (N.D. Ga. July 22, 2015), adopted in part by 2015 WL 11492542, at *1 (N.D. Ga. Aug. 10, 2015) (citations omitted) (denying plaintiff's request for a declaratory judgment that defendants were not entitled to foreclose given that plaintiff lacked standing to challenge the assignment of the security deed).  Thus, "[i]n [] light of the Court's finding that [Reshaw] has failed to state a claim upon which relief may be granted, there are no allegations demonstrating the existence of an actual controversy," and Reshaw is therefore "not entitled to a declaratory judgment."  McFarland, 2012 WL 2205566, at *4 (citations omitted); see also id. (alteration omitted) (quoting O.C.G.A. § 9-4-2(a)) ("providing that declaratory judgments may be issued 'in cases of actual controversy.'").  Accordingly, it is **RECOMMENDED** that SPS's motion to dismiss, [Doc. 5], be **GRANTED**.

**C.**    **Motion for Leave to File First Amended Complaint, [Doc. 14]**

In his motion to remand, Reshaw alternatively seeks leave to file a first amended complaint.  [Doc. 14 at 5-8].  He argues that "[l]leave to amend the [c]omplaint to expand its claim is warranted at this stage in the proceedings as [he] has been forced to struggle between [s]tate and [f]ederal [c]ourts," since SPS removed the action from the Superior Court of Fayette County to this Court.  [Id.

at 5-6].  SPS responds that the Court should deny Reshaw leave to amend his complaint as futile because any amended complaint similarly challenging the servicing and foreclosure of his mortgage loan would be barred by the doctrine of res judicata.  [Doc. 15 at 8-9].

"Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its complaint only by leave of court or written consent of the adverse party when it has been more than 21 days following service of the responsive pleading or motion."  Jones v. Fort McPherson Credit Union, 347 F. Supp. 3d 1351, 1353 (N.D. Ga. 2018).  The Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, to satisfy the requirements of Federal Rule of Civil Procedure 7(b), "a party seeking leave to amend a complaint should either attach a copy of the proposed amended complaint to the motion or set forth the substance of the proposed amendment in such a manner that the Court can assess the viability of the proposed amendment."  Farrell v. G.M.A.C., No. 2:07-cv-817-FtM-34DNF, 2008 WL 1766909, at *1 (M.D. Fla. Apr. 15, 2008) (citation omitted) (citing Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam)).  Reshaw has failed to set forth the substance of his proposed amended complaint asserting claims against SPS in a manner that the Court can assess the viability, "nor does he attach

a proposed amended complaint to his motion[].″[16]  Walker v. Chief, Civil Action

No. 07–cv–01848–WDM–KMT, 2008 WL 4642947, at *1 (D. Colo. Oct. 17, 2008); see

also Doe v. Pryor, 344 F.3d 1282, 1288 (11th Cir. 2003) (citation and internal marks

omitted) (″In order to properly request leave to amend a motion must set forth the

substance of the proposed amendment or attach a copy of the proposed

amendment.″).   Consequently, it is impossible to determine if the proposed

amendment to his complaint presents any viable claim.  Walker, 2008 WL 4642947,

at *1; see also Gibbs v. United States, 517 F. App′x 664, 669-70 (11th Cir. 2013) (per

curiam) (unpublished) (footnote omitted) (affirming district court′s denial of

plaintiff′s motion to amend where he failed to attach the proposed amendment

and it was unclear what cause of action he sought to assert, stating that plaintiff′s

″failure to articulate a viable claim in his second amended complaint and his

failure to attach a proposed amended complaint to his motion . . . show[ed] the

---

[16] Reshaw asserts that his first amended complaint was not attached to his motion
″due to exigent circumstances created by the spread of COVID-19 and the related
Coronavirus,″ [Doc. 14 at 7 (emphasis and all caps omitted)], citing this Court′s
July 2, 2020, amendment to its General Order regarding the impact of the exigent
circumstances created by COVID-19 upon court operations, see [id. (citing [Doc.
12])].  However, Reshaw has not explained how ″the spread of COVID-19″ has
affected his ability to set forth the substance of his proposed amended complaint,
[id. (emphasis and all caps omitted)], and the Court notes that since the first
General Order dated March 16, 2020, addressing the impact of this virus on court
operations, see [Doc. 2 at 1], Reshaw has nonetheless been able to file motions and
substantive responses to the motions in this case, see [Docs. 6, 9, 14, & 17].

futility of granting him leave to amend"); United States ex. rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) (footnote and citation omitted) (affirming the district court's denial of request for leave to amend the complaint where "plaintiff failed to attach the proposed amendment or set forth the substance of the proposed amendment"); Kante v. McCurdy Candler LLC, CIVIL ACTION NO. 1:10-CV-1972-JEC-ECS, 2012 WL 13071598, at *11 (N.D. Ga. Jan. 31, 2012), adopted by 2012 WL 13071546, at *1 (N.D. Ga. Feb. 16, 2012) (emphasis and all caps omitted) ("Without a memorandum stating how and why leave to amend should be granted, and without a proposed amendment showing what the amendment would be, the motion must be denied.").

Additionally, courts need not grant an opportunity to amend when amendment would be futile, Bryan v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Degirmenci v. Sapphire-Ft. Lauderdale, LLLP, 693 F. Supp. 2d 1325, 1353 (S.D. Fla. 2010) (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004)) (explaining that although Rule 15(a) provides that leave shall be freely given, "a court may properly deny leave to amend where . . . amendment would be futile"), and it is well settled that amendment is futile where an action is barred by res judicata, see, e.g., De Souza v. JPMorgan Chase Home Lending Div., 608 F. App'x 776, 783 (11th Cir. 2015) (per curiam) (unpublished) (affirming district court's denial of leave to

amend based on futility of amendment where the plaintiff's claims were barred by res judicata); <u>Haney v. Abdallah</u>, No. 12–80549–CIV, 2013 WL 5313402, at *3 (S.D. Fla. Sept. 20, 2013) (dismissing plaintiff's claims with prejudice "because amendment would be futile under principles of *res judicata*"); <u>Busse v. Steele</u>, No. 2:10-cv-89-FtM-33TGW, 2010 WL 3893766, at *2-3 (M.D. Fla. Sept. 30, 2010) (citation and internal marks omitted) (adopting the determination that "plaintiffs should not be given a chance to amend, since, in light of the res judicata determination, any amendment would be futile").   Thus, even if Reshaw had followed the proper procedures in requesting leave to amend, his requested amendment would have been futile because, as the foregoing discussion demonstrates, his claims are barred by res judicata.   Accordingly, it is **RECOMMENDED** that Reshaw's alternative motion for leave to file a first amended complaint, [Doc. 14], be **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Reshaw's motion to remand, or in the alternative, for leave to file a first amended complaint, [Doc. 14], be **DENIED**, that SPS's motion to dismiss, [Doc. 5], be **GRANTED**, and that Reshaw's complaint be **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate this referral.

**IT IS SO RECOMMENDED** and **DIRECTED**, this 30th day of November, 2020.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE